## Ramsey et al. *v.* Greer et al.

No damages can be recovered from the owners of a steamer for injury done to another by a collision, where defendants are not shown to have been in fault.

APPEAL from the Fifth District Court of New Orleans, *Buchanan, J. Glenn,* for the plaintiffs. *Emerson,* for the appellants. The judgment of the court was pronounced by

SLIDELL, J. This is an action for damages occasioned by a collision. The court below gave the plaintiffs judgment for fifty dollars, and the defendants have appealed.

It appears from the testimony of the plaintiff's own witnesses that the steamer of the defendants called the Belle of Illinois, was descending the bayou Plaquemines. As she came round a point in the bayou the Cadmus was lying aground about one hundred yards below the point, with her stern towards the starboard shore quartering out into the bayou, and occupying about half its width. The turn was so short and the woods so dense that the Cadmus could not be seen by those on board the Belle until she turned the point, and was near upon the Cadmus. The Belle had little steam upon her; just enough to give her steerage way, and no more. She was in charge of a pilot of good repute as a pilot in that bayou, and specially employed for the occasion, besides the boat's usual officers. As soon as the Cadmus was seen the engine of the Belle was stopped, she commenced backing, and every effort was made to avoid a collision; but in consequence of the current it was impossible. No alarm was previously given by the Cadmus, by ringing a bell or blowing off steam. If this had been done, some of the witnesses were of opinion that by bringing the Belle to land, and dropping her by a line, the collision could have been avoided. One witness states that when a boat is going into a bend in this bayou and she is not making the bend, she usually stops steam and falls down. This witness, however, does not express the opinion that the Belle was badly navigated on the occasion in question, and speaks favorably of the experience and capacity of the pilot employed.

The result of the whole testimony, in our opinion, is, that no fault or want of care was attributable to the defendants; and that if the accident was not one of those unavoidable accidents attributable to the great difficulty of the navigation, it was at least an accident which could only have been prevented by a timely alarm given by the Cadmus before the descending steamer, whose steam perhaps announced her approach, turned the point. No fault being shown on the part of those navigating the defendants' steamer they cannot be made liable, even supposing that the plaintiffs officers and crew were not chargeable with any fault. See the case of *Myers* v. *Perry,* 1 Annual Rep. 372, and the authorities there cited.

It is therefore decreed that the judgment of the court below be reversed, and that there be judgment for the defendants, with costs in both courts.